**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Criminal Action Nos. 99-0152 & 01-0817 (ES) |
| **RICARDO ACOSTA-TRIANA,** | MEMORANDUM OPINION |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendant Ricardo Acosta-Triana's motion for early termination of probation pursuant to 18 U.S.C. § 3564(c). (Crim. No. 99-0152 at D.E. No. 14; Crim. No. 01-0817 at D.E. No. 26). The Court has considered Defendant's motion, as well as Defendant's October 12, 2017 letter requesting an expedited decision on his motion. The Court has also considered the U.S. Probation Office's recommendation to deny Defendant's motion. For the following reasons, the Court DENIES Defendant's motion for early termination of probation.

**I. Background**

On December 21, 2001, Defendant pleaded guilty to Count One of an Information for Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371. (Motion[1] ¶ 10). On October 28, 2003, a judgment was entered sentencing Defendant to probation for a term of three years with standard and special conditions inclusive of, among other things, six months of home confinement, cooperation with the Bureau of Citizenship and Immigration Services, regularly working at a lawful occupation, and restitution in the total amount of $98,499.58 plus interest

---

[1] Unless otherwise indicated, the Court will use "Motion" to refer to D.E. No. 26 in Crim. No. 01-0817.

- 1 -

pursuant to 18 U.S.C. § 3612(f)(1) to be paid in monthly installments of $50. (*Id.* ¶ 11). Defendant completed his term of home confinement on April 27, 2004. (*Id.* ¶ 12).

Through his work permit, Defendant worked as a mortgage loan officer until 2007, when he became unemployed "due to the mortgage crisis in the banking industry." (*Id.* ¶ 14). Defendant's work permit expired in March 2007 and was not renewed until October 2007. (*Id.*). Defendant subsequently found work as a truck driver, but was "let go after just 2 weeks due to the conviction." (*Id.* ¶ 15).

On or around March 28, 2007, the U.S. Probation Office issued a report indicating Defendant's failure to maintain employment and to pay restitution. (*Id.* ¶ 17).[2] On June 7, 2007, "due to [Defendant's] inability to make further restitution payments," a judgment was entered extending the term of probation of a period of 2 years, subject to all previously imposed standard and special conditions, and increasing the restitution payment from $50 a month to $250 a month." (*Id.* ¶ 18).

In or around January 2008, Defendant "did what he believed he had to do as a father and a husband to protect his family and keep his family together and that was to leave the United States with his wife and two young daughters . . . ." (*Id.* ¶ 21). On February 21, 2008, the Court granted the U.S. Probation Office's petition for issuance of an arrest warrant due to Defendant's violation of probation. (*Id.* ¶ 22). On March 3, 2008, an Immigration Judge issued a deportation order against Defendant. (*Id.* ¶ 20). Defendant currently resides in Canada, where he is seeking to normalize his status.

---

[2] Defendant notes that the U.S. Probation Office's report "failed to recognize that he was unable to obtain employment under the circumstances and that he and his wife had made substantial payments of over $18,000 far beyond the monthly payment requirement of $50/month." (*Id.*).

## II. Legal Standard

18 U.S.C. § 3564(c) provides that, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," this Court

> may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The factors in 18 U.S.C. § 3553(a) are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with correctional treatment; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; (5) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."

## III. Discussion

The Court must deny Defendant's motion. *First*, to the extent Defendant argues that he has generally complied with his sentence (*see, e.g.*, *id.* ¶ 27 ("Other than the economic terms, there were no material breaches of the terms of probation.")), the Court finds such arguments insufficient to terminate probation. *See United States v. Paterno*, No. 99-0037, 2002 WL 1065682, at *3 (D.N.J. Apr. 30, 2002) ("Merely complying with the terms of his probation and abiding by the law

are not in and of themselves sufficient to warrant early termination of probation; rather, that is simply what is expected of Defendant.").

*Second*, Defendant has *not* complied with the terms of his probation. As the U.S. Probation Office points out, Defendant has failed to pay restitution, failed to provide paystubs, failed to report as directed, and moved from his residence without notifying the U.S. Probation Office of his whereabouts. Indeed, there is currently an outstanding warrant for Defendant's arrest due to his violations of probation. Furthermore, Defendant has not been in contact with the U.S. Probation Office since 2008. Based on the foregoing, the U.S. Probation Office opposes Defendant's motion.

The Court is mindful of Defendant's evidently unfortunate position. And the Court is sympathetic toward Defendant's daughters' plight. But Defendant's alleged change-in-circumstances arguments (*see* Motion ¶¶ 25-40) do not overcome his multiple violations of probation. Accordingly, the Court concludes that early termination of probation is not warranted by Defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3564(c). Defendant's motion is therefore DENIED. An appropriate Order accompanies this Memorandum Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**